The undersigned have reviewed the prior Order approving the Compromise Settlement Agreement which was submitted by the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Order of Special Deputy Commissioner Amy L. Pfeiffer.
The Full Commission amends the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On September 17, 1996 the attorney for the plaintiff entered into an agreement for a final compromise settlement and release. This agreement was approved by this office on January 10, 1997.
2. The settlement in the case was in the amount of $97,500.00 of this amount an attorney fee of $24,375.00 was paid to plaintiff's attorney for work performed in this case.
3. On January 15, 1997 plaintiff's attorney appealed the award of attorney's fees.
4. Plaintiff's counsel in his written request for attorney's fees supplies this Commission with a very detailed statement of time spent on this case.
5. The Commission is aware of the client-attorney agreement executed by the parties on April 24, 1991. This agreement calls for an attorney fee of 30% of all amounts recovered.
6. Plaintiff's counsel has requested an attorney's fee of 30%. Considering the complexity of this case, the result obtained and the usual and customary attorney's fee received by attorneys representing claimants before the Industrial Commission, the fee requested by plaintiff's counsel is unreasonable.
7. Plaintiff's counsel performed a reasonable service to settle this case. However, plaintiff's counsel did not have to defend this claim beyond the Deputy Commissioner's level. Therefore, any other payment beyond 25% is unreasonable. A reasonable attorney's fee of 25% is approved for plaintiff's counsel. This amount shall be deducted from the sum due plaintiff and paid directly to plaintiff's counsel.
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
Based upon N.C.G.S. § 97-90(c) the Commission concludes that an attorney fee of 30% in this case would be unreasonable.
AWARD
1. Plaintiff's counsel's claim for an attorney fee of 30% is DENIED.
2. Defendants shall pay the costs.
 S/ ____________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ______________ DIANNE C. SELLERS COMMISSIONER
S/ ____________ THOMAS J. BOLCH COMMISSIONER
CMV/cnp/rst
5/27/97